

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00787-CV

Helen **HERRERA**,
Appellant

v.

Julia **MARTINEZ**,
Appellee

From the County Court, Atascosa County, Texas
Trial Court No. 7296
Honorable Diana J. Bautista, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed:  April 30, 2014

REVERSED AND REMANDED

This is an appeal from the trial court's order denying appellant Helen Herrera's request for declaratory judgment and granting letters of dependent administration in favor of appellee Julia Martinez.  On appeal, Herrera contends: (1) she was prevented from properly presenting her case to this court because the trial court failed to comply with the Texas Government Code's requirement that the court appoint a certified shorthand reporter to report the oral testimony given in any contested probate matter; and (2) the trial court erred by failing to timely mail a copy of its

findings of fact and conclusions of law to Herrera as required by the Texas Rules of Civil Procedure. We reverse the trial court's judgment and remand the matter to the trial court.

## BACKGROUND

The heart of this case is a dispute for control over the intestate estate of Cezlo Vejara. After Vejara passed away, his sister, Martinez, filed various applications with the trial court to manage her brother's estate. Herrera contested Martinez's actions and sought a declaration from the trial court that Herrera had entered into a common law marriage with Vejara before his death.

On November 21, 2012, the trial court held a hearing on the matter and denied Herrera's claim that a common law marriage existed between Herrera and Vejara. There is no reporter's record of this contested probate hearing. Herrera subsequently perfected this appeal.

## ANALYSIS

Although Herrera raises three issues on appeal, her basic contentions are: (1) she was prevented from bringing her legal and factual sufficiency challenge before this court because the trial court erred by failing to appoint a certified shorthand reporter as required by Government Code section 52.046(d); and (2) the trial court abused its discretion by failing to timely forward a copy of its findings of fact and conclusions of law to Herrera as required by Texas Rule of Civil Procedure 37.

### *Record of Proceedings*

Herrera's primary complaint on appeal is that the trial court erred by not providing a court reporter to record the testimony given in the trial to determine whether she had a common law marriage with Vejara. Herrera contends this error undermines her ability to challenge the sufficiency of the evidence used to support the trial court's ruling as reflected in the findings of fact and conclusions of law. We agree.

Although a party must generally request a court reporter to make a record of testimony, there is an exception to the rule. Under Government Code section 52.046(d), "a judge of a county court or county court at law *shall* appoint a certified shorthand reporter to report the oral testimony given in any contested probate matter in that judge's court." TEX. GOVT. CODE ANN. § 52.046(d) (West 2013) (emphasis added). Accordingly, the trial court was required to appoint a court reporter for Herrera's case if it was a contested probate matter.

Here, the underlying action was an application by Martinez to administer the intestate estate of Vejara. Herrera contested the action, claiming she was Vejara's common law wife. Such an action regarding the administration of an estate is by definition a "probate proceeding" under the Texas Estates Code. *See* TEX. EST. CODE ANN. § 31.001(4) (term "probate proceeding" includes "an application, petition, motion, or action regarding the probate of a will or an estate administration."). The terms "probate proceeding" and "probate matter" are synonymous. *Id.* § 22.029. Accordingly, we hold the trial court should have appointed a court reporter to make a record of events because Herrera's action was a contested probate matter. *See* TEX. GOVT. CODE ANN. § 52.046(d).

Herrera contends the trial court committed reversible error by not appointing a court reporter because the error probably prevented Herrera from properly presenting her appeal to this court. *See* TEX. R. APP. P. 44.1. We agree. In support of her contention, Herrera directs the court to a recent decision by the Waco Court of Appeals regarding the lack of a reporter's record as required by Government Code section 52.046(d). *See In the Estate of Hayes*, No. 10-09-00212-CV, 2010 WL 2135636 (Tex. App.—Waco May 26, 2010, no pet.) (mem. op.). In *Hayes*, the appellate court, citing section 52.046(d), held the trial court erred by failing to ensure a court reporter recorded a contested hearing to admit a will to probate as a muniment of title. *See id.* at *1–2. As a result of the trial court's failure, the judgment was reversed and remanded because the

appellant was prevented from properly presenting his legal and factual sufficiency challenge to the court. *See id.* The present case is analogous to the situation in *Hayes*.

Without a record of the proceedings, Herrera is unable to properly present her challenge of the legal and factual sufficiency of the evidence supporting the trial court's judgment. Accordingly, we sustain Herrera's complaint and hold the trial court's error constitutes reversible error. *See* TEX. R. APP. P. 44.1; *Hayes*, 2010 WL 2135636 at *2.

We note Martinez argues we should not reach a similar decision to *Hayes* because unlike that case, where the appellant did not appear in person or by attorney at the hearing, Herrera was represented by counsel who agreed to proceed without a court reporter at trial. Martinez directs this court to the following language in the trial court's judgment to support her argument of waiver: "[t]he making of a record was waived because no request was made to the Court requesting a court reporter." We reject this argument for two reasons. First, the assertion that it was the duty of the parties to request a court reporter is at odds with the mandate in the Government Code requiring the *trial court* to appoint a court reporter for a contested probate matter. Second, the record does not substantiate the claim that Herrera affirmatively waived her right to have the trial court appoint a court reporter. Accordingly, we find Martinez's contention without merit.

Because of our holding on this issue, we need not address Herrera's other claims.

### CONCLUSION

Based on the foregoing, we reverse the trial court's judgment and remand this cause for further proceedings in accordance with this opinion.

Marialyn Barnard, Justice